FILED

**NOT FOR PUBLICATION**

SEP 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAROL MOLANICK, | No. 14-16404 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01619-GMS |
| v. | |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted September 13, 2016[**]

Before:     HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Carol Molanick appeals pro se from the district court's judgment in her

action alleging that United Services Automobile Association ("USAA") violated

the Employee Retirement Income Security Act ("ERISA") by denying her claims

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for short-term disability benefits. We have jurisdiction under 28 U.S.C. § 1291.

Where an ERISA plan grants discretionary authority to determine eligibility for

benefits or to construe the terms of the plan, we review for an abuse of discretion

the administrator's interpretation of the plan, and de novo the district court's

application of this standard. *Tapley v. Locals 302 & 612 of the Int'l Union of*

*Operating Eng'rs-Emp'rs Constr. Indus. Ret. Plan*, 728 F.3d 1134, 1139 (9th Cir.

2013). We affirm.

Because Molanick failed to establish circumstances that warranted giving

any conflict of interest greater weight, the district court properly reviewed USAA's

decision for an abuse of discretion. *See Harlick v. Blue Shield of Cal.*, 686 F.3d

699, 707 (9th Cir. 2012) (explaining abuse of discretion review is "tempered by

skepticism when the plan administrator has a conflict of interest," and outlining

circumstances when conflict is given more or less weight (citation and internal

quotation marks omitted)). Applying this standard, the district court properly

concluded that USAA did not abuse its discretion in denying benefits because the

medical evidence did not support a finding that Molanick was disabled from

performing the material and substantial duties of her job. *See Salomaa v. Honda*

*Long Term Disability Plan*, 642 F.3d 666, 676 (9th Cir. 2011) (explaining that in

reviewing plan administrator's decision, a court may not "substitute [its] view for

that of the factfinder;" rather, the court must "consider whether application of a correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record" (citations and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

14-16404